IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WASEEM DAKER,<br>　Petitioner,<br>　　　　v.<br>NEIL WARREN, *Sheriff, Cobb County*,<br>　Respondent. | Civil Action No.<br>1:14-cv-03180-SDG |

**OPINION AND ORDER**

This matter is before the Court on Petitioner Waseem Daker's Motion to Expedite Proceedings [and] Supplemental Response to Court's April 28, 2021 Show-Cause Order [ECF 153] and his Fed. R. Civ. P. 59(e) Motion to Vacate January 24, 2022 Order and Judgment [ECF 154]. Both motions are **DENIED**.

**I.   Background**

Daker initiated this 28 U.S.C. § 2254 action to challenge his 2012 felony convictions and sentences in Cobb County, Georgia Superior Court. Daker is a serial litigant whose long history of abusive litigation has resulted in the imposition of certain filing restrictions. *Daker v. Governor of Ga.*, No. 20-13602, 2022 WL 1102015 (11th Cir. Apr. 13, 2022) (per curiam) (affirming imposition of the filing injunction). *See also Allen v. Daker*, 311 Ga. 485, 505 (2021) (noting that "Daker is an extraordinarily litigious defendant whose shenanigans can be frustrating for courts to deal with"). Daker's pattern of filing duplicative actions and motions

make the procedural history of this action complex.[1] For purposes of the instant motions, the detailed (although still lengthy) description below will suffice.

Daker filed a 993-page amended petition in this case, along with initiating three additional § 2254 actions in this Court. Those cases (*Daker v. Humphrey*, No. 1:13-cv-1554; *Daker v. Toole*, No. 1:14-cv-3929; and *Daker v. Allen*, No. 1:16-cv-4501) were ultimately consolidated into this action. The then-presiding district court judge concluded that the petition filed in *Daker v. Toole* is the operative petition in this consolidated action and submitted the matter to the presiding magistrate judge for a review of that petition or an amended petition if Daker filed one.[2]

Shortly thereafter, in a proposed amended complaint in an unrelated case, Daker stated that he had an appeal pending before the Georgia Supreme Court in a state habeas corpus action.[3] Concerned that this Court should not review his § 2254 claims while a parallel habeas corpus action was proceeding in state court,

---

[1] ECF 142, at 1–8.

[2] *Id.* at 9–10.

[3] *Daker v. Reynolds*, No. 1:20-cv-2650, ECF 23-1, at 22.

on April 28, 2021, the Court directed Daker to show cause why the instant action should not be stayed until the state court habeas proceeding was complete.[4]

On May 17, 2021, the Georgia Supreme Court issued an order determining that Daker's right to counsel on appeal in his 2012 state-court criminal proceeding had been violated. *Allen*, 311 Ga. 485. That court therefore granted Daker a second, out-of-time appeal and directed that, "[w]hen the case returns to the trial court, Daker's post-conviction process should start anew, and he may then file a timely new motion for new trial or a timely notice of appeal." *Id.* at 505 (citation omitted). "In other words, the Georgia Supreme Court has reset the clock on [Daker]'s appeal process as if he had just been convicted."[5] As a result, after Daker pursues his direct appeal (or seeks a new trial) in the state courts, he will also have the option of filing a petition for a writ of habeas corpus in state court.

On June 1, 2021, Daker responded to the Court's April 28 show-cause order.[6] Daker argued that he should not be required to exhaust his state-court remedies because of the extensive delays he has encountered in those courts.[7] Exhaustion is

---

[4] ECF 147.

[5] ECF 150, at 5.

[6] ECF 149.

[7] *Id.* at 12.

not required where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). The Eleventh Circuit has interpreted this to mean that "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, *if* the state court has unreasonably or without explanation failed to address" them. *Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) (emphasis added) (citations omitted). "State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief." *Cook v. Fla. Parole & Probat. Comm'n*, 749 F.2d 678, 680 (11th Cir. 1985).

On January 24, 2022, the Court considered Daker's response to the show-cause order. It rejected Daker's contention that exhaustion should be excused, noting that Daker himself played a large part in causing the alleged state-court delays.[8] The Court noted that the Georgia Supreme Court's May 17, 2021 "action in resetting the appellate clock has the effect of granting [Daker] a new round of state court remedies and rendering any possible claim that he may raise in this

---

8    ECF 150, at 7–9 (describing certain of Daker's conduct that caused delays).

28 U.S.C. § 2254 proceeding unexhausted."[9] Because exhaustion is generally required and serves important federal interests (including federalism and comity), the Court dismissed Daker's instant habeas petition without prejudice.[10] The scene having been properly set, the Court now turns to the pending motions.

## II. Daker's Motions

Daker's motions are, for practical purposes, identical. In short, they seek reconsideration of the Court's dismissal of this action. Daker contends that he has faced delays in the state courts that are not of his making and that the Cobb County Superior Court judge presiding over his motion for a new trial in the criminal case has unreasonably delayed in issuing rulings. Daker puts forward several arguments in support of his motions.

Specifically, Daker contends that he

> does not bear any of the blame for the delays in his state judicial remedies because . . . he repeatedly, timely, and promptly requested appellate counsel which the trial

---

[9] *Id.* at 5–6 (citing *Jimenez v. Quarterman*, 555 U.S. 113, 120–21 (2009) (indicating that, when an appellate court reopens direct review of a petitioner's conviction by granting an out-of-time appeal before the defendant first seeks federal habeas review, the judgment does not become final until the conclusion of the out-of-time direct appeal or expiration of the time to seek review on appeal)).

[10] *See generally id.* at 6–10.

> court improperly denied. Thus, all delays in his state judicial remedies must be blamed on the trial court.[11]

He asserts the Court erred in "blaming Petitioner for the delays in his state judicial remedies when the Georgia Supreme Court has now expressly blamed the trial court for said delays by denying Mr. Daker his . . . right to appellate counsel."[12] Daker also argues that the record in this case is not sufficient for the Court to determine that he is responsible for the state court delays.[13] He contends that the Court erred in relying on the Georgia Supreme Court's opinion in his direct appeal, *Daker v. Georgia*, 300 Ga. 74 (2016), in reaching that conclusion because the state court's opinion was "set aside" when it granted him habeas relief.[14] Daker further states that the Tattnall County, Georgia Superior Court "set aside" that Georgia Supreme Court decision.[15]

Finally, Daker points to alleged current delays in the state-court proceedings. He identifies the following motions pending in the Cobb County Superior Court since July 14, 2021:

---

[11] ECF 154, at 4 (emphasis omitted).

[12] *Id.* at 4.

[13] *Id.* at 6.

[14] *Id.* at 7–8.

[15] *Id.* at 8.

1. to recuse the trial judge;

2. to disqualify the office of the Cobb County District Attorney;

3. in arrest of judgment;

4. for judgment notwithstanding the verdict;

5. for a new trial;

6. to suppress first post-trial search and seizure;

7. to suppress second post-trial search and seizure;

8. to suppress third post-trial search and seizure;

9. for sentence review; and

10. for an out-of-time appeal of the trial court's denial of his motion in autrefois convict.[16]

Daker contends that the Cobb County Superior Court judge has failed to rule on or schedule a hearing on any of these motions.

According to Daker, O.C.G.A. § 15-6-21(b) required the state court to rule on his motions within 90 days. He further points out that, under Georgia's Uniform Superior Court Rule 41.2, the trial court must schedule a status conference "regarding a motion for new trial not later than 120 days after sentencing," and, despite this requirement, the trial court has not yet done anything to move his case along. Daker therefore contends that he has

---

[16]   *Id.* at 13–14.

demonstrated the inordinate and unjustified delay in the state corrective process necessary to render that process ineffective.[17] Accordingly, he asserts that exhaustion should be excused under Section 2254(b)(1)(B)(ii). He does not, however, challenge the Court's conclusion that *sua sponte* dismissal of this action was proper because important federal interests support requiring exhaustion under these facts before this Court considers a habeas petition.

### III. Discussion

#### A. Applicable Legal Standard

The Court's Local Rules caution that "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Such motions are appropriate only if "a party believes it is absolutely necessary." *Id.* Absolute necessity is recognized in three specific scenarios: "where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003); *see also Chesnut v. Ethan Allen Retail, Inc.*, 17 F. Supp. 3d 1367, 1370 (N.D. Ga. 2014) ("Courts may grant relief under Rule 59(e) or Local Rule 7.2E only if the moving party clears a high hurdle."); *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560

---

17   *Id.* at 17.

(N.D. Ga. 1995) (describing a request for reconsideration as being held to an "onerous standard").

A motion for reconsideration is not to be treated "as an opportunity to show the court how it 'could have done it better.'" *Bryan*, 246 F. Supp. 2d at 1259 (quoting *Pres. Endangered Areas of Cobb's Hist., Inc.*, 916 F. Supp. at 1560). Nor should such motions simply "present the court with arguments already heard and dismissed or [ ] repackage familiar arguments to test whether the court will change its mind." *Id.* (citing *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)). Finally, reconsideration motions may not be used to "offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." *Id.* (citing *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001)); *see also Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (holding that a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"). The ultimate decision on reconsideration is "committed to the sound discretion of the district court." *Reid v. BMW of N. Am.*, 464 F. Supp. 2d 1267, 1270 (N.D. Ga. 2006).

### B. Analysis

In response to Daker's arguments, the Court first points out that the Georgia Supreme Court did not blame, expressly or otherwise, the state trial court for any delay in Daker's case. *See generally Allen v. Daker*, 311 Ga. 485. Rather, that court simply concluded that the trial court erred in failing to make "the findings required to properly conclude that Daker functionally waived his right to appellate counsel." *Id.* at 500. The Court understands Daker's interest in speed—he was convicted over twelve years ago. But it is also clear that there was no error in its conclusion that Daker himself is responsible for at least some of the delay.[18] He effectively undermined his first direct state-court appeal by insisting "that all transcripts and supporting evidence be omitted from the record on appeal," leaving the Georgia Supreme Court little to review. *Daker v. Georgia*, 300 Ga. at 74. That appeal also failed to raise the claim on which Daker ultimately succeeded before the Georgia Supreme Court—that the trial court violated his rights by failing to appoint him counsel on appeal. *Id.* (listing the claims raised in Daker's original direct appeal).

---

[18] For instance, in his state habeas corpus case, Daker's petition raised 438 claims for relief, which might go some way toward explaining the length of those proceedings. *Allen v. Daker*, 311 Ga. at 485–86. The state habeas court "summarily concluded" all 438 grounds "were 'without merit.'" *Id.* at 486.

Next, as to his contention that the Court cannot rely on the opinion in *Daker v. Georgia* (300 Ga. 74 (2016)) because that opinion has been "set aside," Daker is wrong. While the Georgia Supreme Court's opinion affirming Daker's convictions may well have been set aside, *Allen v. Daker*, 311 Ga. at 505, that is simply part of the procedure that the Georgia Supreme Court has adopted when a habeas corpus petitioner is granted an out-of-time appeal. *Hall v. Jackson*, 310 Ga. 714, 724–25 (2021). It does not have the effect of rendering the procedural history discussed in the opinion obsolete. In determining whether to excuse the exhaustion requirement under § 2254(b)(2)(B)(ii), this Court has the authority to "take judicial notice of the state and federal court proceedings in which [the petitioner] was convicted or attacked his conviction." *Cunningham v. Dist. Atty's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). It is also significant that Daker does not dispute this Court's conclusions regarding his direct state-court appeal.

Regarding Daker's claim that the current proceedings in the Cobb County Superior Court have been unreasonably delayed, this Court's review of the record in that action indicates that Daker is again incorrect. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (per curiam) (recognizing that it is appropriate for federal courts to take judicial notice of state court dockets and filings). As noted above, after the Georgia Supreme Court remanded Daker's habeas corpus action,

on June 21, 2021, the Tattnall County Superior Court granted Daker an out-of-time motion for a new trial and appeal. On July 14, 2021, Daker filed ten motions in the Cobb County Superior Court (including a motion for a new trial that contained 193 grounds for relief).[19] For reasons that are unclear, that court's clerk did not receive the Tattnall County Superior Court's order until November 4, 2021.

Exactly four months after receiving the habeas corpus order, on March 4, 2022, the Cobb County Superior Court issued an order finding Daker to be indigent and appointing counsel to represent him. On March 23, 2022, counsel filed a motion for a new trial on Daker's behalf, and on April 1, the judge scheduled a special status hearing for May 9, regarding the motion for a new trial.[20] Despite Daker's complaints of excessive delay, there is no indication that the state court is not proceeding at a reasonable pace. "Given that the state courts are now moving forward with [Daker]'s [motion for new trial and] direct appeal, [this Court] cannot say that 'there is an absence of available State corrective process[ ] or

---

[19] The motions and orders in Daker's criminal action are available at the searchable electronic docket for the Cobb County Superior Court at https://ctsearch.cobbsuperiorcourtclerk.com/Name?edit=true (last accessed on Sept. 9, 2022), under Case No. 10901350.

[20] Given that Daker is now represented by counsel in the state court proceedings, under Georgia law, his *pro se* filings are a nullity, *Romich v. All Secure, Inc.*, 361 Ga App. 505, 505, 505 n.6 (2021).

circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Slater v. Chatman*, 147 F. App'x 959, 960 (11th Cir. 2005) (per curiam) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)) (cleaned up). *See also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). There was therefore no error in the Court's January 2022 decision not to excuse exhaustion, nor is there any basis for the Court to do so now. Daker has failed to demonstrate that he is entitled to relief under Fed. R. Civ. P. 59(e).

## IV. Conclusion

Daker's motions [ECF 153; ECF 154] are **DENIED** because he has failed to demonstrate error or that he is otherwise entitled to Rule 59(e) relief.

**SO ORDERED** this 30th day of September, 2022.

Steven D. Grimberg
United States District Court Judge